## MATHIAS SWOBODA v. CATHARINE L. WARD.

*Contributory negligence—Master and servant—Risks of employment.*

An employer who introduces improved and complex machinery must take such corresponding precautions to keep his employees from harm in using it as are customary with prudent men.

An employer must furnish a suitable place in which his servant, with due care, may do his work without exposure to dangers that are not usual to his occupation as ordinarily performed.

An employee assumes the risks of his employment when the machinery used is not defective and the usual means are adopted to guard against accidents.    But if he voluntarily remains in service in spite of any deficiencies in either respect, and without any promise by the master to correct them, he is without remedy for any injury he may suffer in consequence.    The master is guilty of negligence, and the servant of contributory negligence.

An employee is not bound, before beginning work, to familiarize himself with the condition of all the machinery he may come in contact with.    It is enough if he knows his own work and the risks directly connected with it.

If a servant shows that he has been injured in consequence of an unusual risk due to his master's negligence, the master has the burden of showing that the servant knew of the increased danger.

When the fact of contributory negligence depends on the credibility of witnesses or upon inferences in which intelligent persons may honestly differ, it is a question for the jury.

Contributory negligence presumes a careless act or omission.

The age, intelligence and experience of one who has suffered from an injury help determine whether he has been guilty of contributory negligence.

A workman employed in a saw mill to carry slabs from the gang plank, while pulling backwards at one that was too heavy for one man to carry, slipped on some wet bark and fell against certain cog-wheels that caught his pantaloons and injured him. He had not been warned and did not know that the wheels were uncovered.    *Held* that the question whether he was guilty of contributory negligence ought to have been left to the jury.

Error to Mason.    Submitted Jan. 29.    Decided April 8.

TRESPASS ON THE CASE.    Plaintiff brings error.

*Isaac Gibson* for plaintiff in error.    A general custom

in business may be shown, *McGraw v. Sturgeon*, 29 Mich., 426; *Dumont v. Kellogg*, id., 420; *Clark v. Cox*, 32 Mich., 212; *Merick v. McNally*, 26 Mich., 374; *Power v. Kane*, 5 Wis., 265; it need not be settled or universal, *Bancroft v. Peters*, 4 Mich., 619; in an action for an injury, plaintiff's negligence cannot be presumed, *Button v. H. R. R. R. Co.*, 18 N. Y., 248; he can recover if he used ordinary care, *Fero v. B. & St. L. R. R. Co.*, 22 N. Y., 209; fatal negligence would be such only as directly or by natural consequence conduced to the injury, *Richmond v. Sacramento Valley R. R. Co.*, 18 Cal., 351; an action lies even where the plaintiff has been somewhat negligent, if reasonable care by the defendant would have prevented it, *Trow v. Vt. Cent. R. R. Co.*, 24 Vt., 487; *Vicksburg & Jackson R. R. Co. v. Patton*, 31 Miss., 156; the question of negligence is generally for the jury, *D. & M. R. R. Co. v. Van Steinburg*, 17 Mich., 99; an employer must use reasonably safe machinery and keep it safe, *Ill. Cent. R. R. Co. v. Welch*, 52 Ill., 183; *Lalor v. C. B. & Q. R. R. Co.*, id., 401.

*White & Haight* for defendant in error. An injury resulting merely from the failure to use the safest known machinery does not entitle the injured person to damages, *Dyman v. Leach*, 40 E. L. & E., 491; *Ill. Cent. R. R. Co. v. Cox*, 21 Ill., 20; *Davis v. D. & M. R. R. Co.*, 20 Mich., 105; *Coughtry v. Globe Woolen Co.*, 56 N. Y., 124; *Ft. Wayne, Jackson & Saginaw R. R. Co. v. Gildersleeve*, 33 Mich., 133; *Pittsburg, Ft. Wayne & C. Rw. Co. v. Devinney*, 17 Ohio St., 198; *Moseley v. Chamberlain*, 18 Wis., 700; an employee who knows or has full opportunity to know the nature of his employment, assumes all risks that arise from it without any fraud or concealment by the employer, *Camp. Point Mfg. Co. v. Ballou*, 71 Ill., 417.

MARSTON, J. This was an action brought to recover damages for injuries received while working in the saw mill of defendant.

The evidence on the part of the plaintiff went to show that he had been working in and about the mill some fourteen days; that he was placed near the gang and had to carry slabs from the gang and place them on rollers; that when injured he had taken hold of a heavy slab, too heavy for one man to carry, and was pulling it, walking backwards; that while so engaged he accidentally stepped on a piece of wet bark and slipped back against the cog-wheels near the slab run; that his pants were caught and his leg drawn into the cog-wheels and severely and permanently injured; that he had not been warned or cautioned about these cog-wheels, and had never noticed them until after he was hurt, but that he could have seen the cogs if he had stopped work to look for them. Evidence was also given to show that these cogs should have been covered in order to be safe; that such wheels are generally covered in mills in order to prevent persons getting injured, and that it is dangerous to run them without being covered. Evidence was also given of plaintiff's lack of experience and knowledge in such mills, and of the nature and extent of the injury received. No evidence was introduced on the part of the defendant.

The court instructed the jury that these cogs being open, uncovered and dangerous, and plaintiff, with a knowledge of such facts, having continued at work, he was thereby guilty of such contributory negligence as would prevent his right to recover, and instructed the jury to return a verdict in favor of the defendant.

It is very evident that the increased dangers to which persons are exposed in the use of machinery at the present day, have kept even pace with the progress made in the manufacture of new, improved and complicated varieties thereof, and the employer therefore who, in carrying on his business, uses such machinery, must take those precautionary measures which are usual and customary with careful, prudent men to protect his em-

ployees from all unnecessary dangers arising from the use thereof.

He is to use that degree of care which every prudent man is expected to employ and does employ under similar circumstances in carrying on the same kind of business. Cooley on Torts, 556-7, and cases cited; *M. C. R. R. Co. v. Dolan*, 32 Mich., 513.

The employer must also provide a suitable place in which the servant, exercising due care, can perform his duty without exposure to dangers that do not ordinarily come within the obvious scope of such employment as usually carried on. *Coombs v. New Bedford Cordage Co.*, 102 Mass., 572: 3 Amer., 506.

A party entering upon a particular employment assumes the risks and perils usual thereto. Where the machinery used is not defective, either in its construction or from want of proper repair, and where the usual and customary means are adopted to guard against accidents, if wanting in either respect there is an increased risk, and if the servant is injured in consequence thereof, the master must be held responsible therefor.

If, however, the servant, with full knowledge of the facts, and understanding the increased risk occasioned thereby, in the absence of any promise by the master to remedy the same, consents to and remains in the master's employ, then he voluntarily incurs such increased risk, and if he suffers damages in consequence of an injury received thereby, he will be without remedy. The fact that he remains in the master's employ under such circumstances and with such knowledge, is what constitutes contributory negligence on his part.

The master in permitting his machinery to be thus more than ordinarily dangerous is guilty of negligence; the servant with full knowledge thereof, by remaining contributes thereto. Cooley on Torts, 551-2, and cases cited.

A person when employed and instructed to commence work at a particular place, as for instance in this case in a mill, is under no obligation, in order to protect him-

self from the charge of contributory negligence, to first go all through the building, and make himself familiar with each piece of machinery, and the danger he may incur in case he comes in contact with it in its then condition. It is sufficient for him that in entering upon the active discharge of the duties assigned him, he ascertains what he is expected to do, and the dangers directly connected therewith, and he has a right to assume that in the performance of that particular duty, reasonable facilities therefor will be afforded him, without coming in contact with other unforeseen or unsuspected dangers.

Where the servant shows that the injury he received was in consequence of an increased risk,—one not ordinarily incident to the employment,—growing out of the master's negligence, the burthen of proof is upon the master to show that the servant knew of and understood the increased dangers. Cooley on Torts, 661 et seq.

Where the essential fact in a case is whether contributory negligence did or did not exist, and this depends upon the credibility of witnesses, or inferences from facts and circumstances about which honest, intelligent and impartial men might differ, such a case should be submitted to the jury. Conely v. McDonald, ante, 150; Dublin etc. R. R. Co. v. Slatterly, 39 L. T. Rep. [N. S.], 265.

Applying these rules to this case and it is clear the court erred in withdrawing it from the consideration of the jury.

The plaintiff at the time of the injury was properly engaged in the active discharge of his duty. He testified that he had not been warned about these cogs, and had not noticed them until after he was hurt. Contributory negligence pre-supposes the doing of some act which ought not to be done, or the omission to do something which should be done. In other words, a want of due care. 5 Am. Law Reg. (N. S.), 405, n. If he did not know of the exposed and dangerous condition of these cogs, then by remaining at work he was not doing some-

thing which he ought not to have done, and the effort he was making, at the time of the accident, to remove the slab, showed no want of due care on his part, but on the contrary, was commendable. Even had he known of the cogs and their unguarded condition, it would not thereby conclusively follow that he could not recover. Other facts and circumstances would have to be considered in connection therewith: his age, his intelligence, his experience and such like, so that the jury might ascertain and determine whether he fully understood and appreciated the danger. *Reed v. Northfield*, 13 Pick., 94; *Whittaker v. West Boylston*, 97 Mass., 273; also *Coombs v. The New Bedford Cordage Co.*, supra, which in many respects resembled the present case.

I am of opinion that the judgment should be reversed with costs and a new trial ordered.

The other Justices concurred.