MARTIN HUIZEGA v. CUTLER & SAVIDGE LUMBER CO.

*Personal injuries—Damages—Evidence.*

Evidence from competent persons as to the dangerous character of machinery, and the consequences of coming in contact with it, is admissible in an action for injuries caused thereby.

In an action by a laborer for personal injuries from machinery, testimony as to his consequent inability to work, the amount of time he lost through sickness, what that time was worth to him, and his reasonable expenses for medical attendance, is admissible as bearing on the amount of damages to which he may be entitled.

Damages for personal injury include everything of which the person recovering them has been deprived as a direct and natural consequence of the injury.

A youth employed in a saw-mill was injured by the machinery before he had been there long. He had once before been employed in the same mill. *Held*, that in an action for the injury he could show the changes made in the arrangements of the mill in the interval between his terms of employment as bearing upon his want of familiarity with them when hurt.

In an action for a personal injury from mill machinery, the question whether a witness had ever heard of such injuries to other persons is improper as calling for hearsay testimony.

The age and intelligence of a laborer injured by machinery, and his experience in the use of such machinery, may be considered by the jury in an action by him for the injury.

Error to Ottawa.   (Mills, J.)   June 6.—Oct. 3.

CASE.   Defendant brings error.   Affirmed.

*Geo. A. Farr* for appellant.

*Geo. C. Stewart* and *H. M. Campbell* for appellee.

SHERWOOD, J.   The plaintiff in this case, while in the employ of the defendant, was seriously injured by accidentally coming in contact with some of the machinery in the defendant's saw-mill, when he was at work under the direction of the head sawyer in the mill.   At the time the injury occurred he was, under the direction of the sawyer, removing a slab from some gearing that extended up through the floor two or three feet, and a portion of his pants caught in some cogs that were uncovered, and his leg was drawn thereby between the wheels and severely lacerated.   From this injury he underwent great suffering and was laid up many months, but finally, after much care bestowed by physicians and nurses, which cost him five or six hundred dollars, ne recovered, and the injury proved not to be permanent.

When the injury occurred the plaintiff was sixteen years old, and had been in the employ of the defendant about twelve days, at a compensation of twelve shillings per day. It further appears that the plaintiff had once before been in the employ of defendant in the same mill, but at different work, and that the mill, after he left it, had undergone many changes and repairs, somewhat changing the machinery therein.   It was claimed upon the trial that the plaintiff was not familiar with that portion of the machinery which injured him; that it was the duty of defendants to cover it, and that the same had negligently been allowed by defendants to remain uncovered, exposed, and in a dangerous condition; that he had never noticed or been warned of such

danger by defendants, and had no knowledge of the same; and that said machinery might have been covered or boxed, without any detriment or impairment of its usefulness.

The defendants did not deny that the injury complained of was received in the mill and while plaintiff was in their employ and under the direction of the head sawyer; but claimed that he was fully acquainted with the condition and situation of the machinery by which he was injured; that the cogs were in plain sight, and the injury was the result of plaintiff's own carelessness and neglect, and that the machinery was sufficiently guarded, and to the extent that is usual in mills of that kind in that part of the country; and that they exercised all the care and diligence, in that regard, of prudent men.

Upon these several theories the case was tried and submitted to the jury under a well-considered charge by the court, and the plaintiff had judgment for $950. The defendants bring error, and the questions raised for our consideration are upon exceptions to the testimony and the charge of the court.

The third, fourth, fifth, ninth and twelfth assignments of error are to the admissibility of the testimony relating to the dangerous character of the machinery which did the injury, and what would be the natural effect of a personal contact with it. The questions were substantially as follows: "State whether, in your opinion, the gearing that turns the slab-rollers, in an uncovered condition would be dangerous." "What would be the effect of a person's coming in contact, or his clothing's coming in contact, with that gearing—those cog-wheels?" The ground of the objection was immateriality. We can see no objection to those questions. Certainly the dangerous character of the machinery was one of the questions involved in the case, and the opinion of competent witnesses was admissible to show it, as well as what consequences might be expected if a person were to come in contact with it.

The first, second, eleventh and seventeenth assignments

of error relate to the admission of testimony and the charge of the court concerning the plaintiff's inability to labor while sick; the amount of time he lost, and what that time was worth to him. It is objected that this testimony is incompetent and immaterial. If the plaintiff was entitled to recover anything, he was entitled to recover that of which he had been deprived as the direct and natural consequence of the injury complained of, and his inability to labor was one of the first of those consequences. There was no error in these rulings. This testimony was necessary to ascertain the plaintiff's damage. 3 Sutherland on Damages 261; *Kinney v. Crocker* 18 Wis. 74; *Grant v. Brooklyn* 41 Barb. 381; *New Jersey Exp. Co. v. Nichols* 32 N. J. 166; *Lincoln v. Saratoga & Schenectady R. R. Co.* 23 Wend. 425; *Penn. R. R. Co. v. Books* 57 Penn. St. 339; *Cox v. Vanderkleed* 21 Ind. 164; *Morris v. C. B. & Q. R. Co.* 45 Iowa 29; 2 Thompson on Negligence 1256.

The same is true of the objection to the testimony showing the value of the physician's services in caring for him during his sickness, and the charges for nursing and medicines. There is no pretense that any of these things were unnecessary, or that the charges were exorbitant. These also were a natural, if not necessary, consequence of what the jury found to be the negligence of the defendants; and if the plaintiff was entitled to recover, these were proper items in that recovery, as this Court has frequently heretofore ruled. 2 Thompson on Negligence 1257, and cases cited.

The evidence of John Hamilton, showing the changes in the mill made after the plaintiff first worked in it, was entirely proper. Its tendency was to show a condition of the machinery with which the plaintiff was unacquainted at the time of the accident, and different from what it was when he was first in the employ of the defendants, and that his former acquaintance with the mill was of no service to him in designating the location or dangerous character of the part producing the injury. This familiarity with the mill during his first employment by defendants was urged upon

the attention of the jury at the trial as a strong point against the plaintiff. The question put to witness Wilson as to his ever having heard of injuries occurring in mills to other persons, called for hearsay testimony, which was properly rejected upon that ground.

The remaining exceptions are to the charge of the court. The following is the first clause objected to: "An employer is not guilty of negligence if he uses those instruments and appliances, or safeguards, common in like employments in his locality. If you find that the gearings in the mill where the injury occurred were of a similar kind and similarly guarded as compared with other mills in this locality, and that these appliances and safeguards were the usual and common appliances and safeguards of like mills in this locality, then that would be a strong presumption of ordinary care on the part of the defendants. It would be a strong presumption of it, but it would not be conclusive. If you find, from the evidence in this case, that the defendant furnished such machinery and exercised such care, then, of course, the plaintiff cannot recover." We fail to find anything in this charge that is prejudicial to the defendant. *Swoboda v. Ward* 40 Mich. 423.

The court charged the jury that in considering the case they were at liberty to "take into consideration the age, intelligence, or want of intelligence, experience, or lack of experience, in such mills, and the use of such machinery, and the risks incident thereto." This clause of the charge is excepted to. It is within the former rulings of this Court, and not erroneous. *Hassenyer v. Mich. Cent. R. R.* 48 Mich. 208, 209, and cases cited; *Swoboda v. Ward* 40 Mich. 425.

In this case the duty of the defendants to give notice to the plaintiff of the dangerous machinery where the injury occurred, and the duty of the defendants to keep the same properly covered to prevent contact, was carefully and fairly submitted to the jury, and, taking the charge as a whole, we find it quite as favorable to the defendants as the law will permit.

We find no error in the record prejudicial to the defendants, and the judgment must be affirmed with costs.

COOLEY, J.    This case in its facts so closely resembles *Swoboda v. Ward* 40 Mich. 420, as to be ruled by it, and I concur in the affirmance; and see *Parkhurst v. Johnson* 50 Mich. 70.

GRAVES, C. J. and CAMPBELL, J. concurred.