[No. 12733.   In Bank. — August 5, 1891.]

## AXEL H. INGERMAN, RESPONDENT, v. AUSTIN D. MOORE ET AL., APPELLANTS.

NEGLIGENCE — MASTER AND SERVANT — DANGEROUS MACHINERY — INEXPERIENCED SERVANT — DUTY OF EMPLOYER TO INSTRUCT. — Where a servant put to work upon a dangerous machine is known to be without experience in the particular work, and without knowledge of the actual dangers attending it, the master is bound to give him such instructions as will cause him fully to understand and appreciate the danger attending the employment and the necessity for care.

ID. — MATURE AGE OF SERVANT — KNOWLEDGE OF DANGER — QUESTION OF FACT. — The fact that an inexperienced servant is a person of mature years, although a matter for the careful consideration of the jury, in an action by him against the master for injuries received from dangerous machinery, in determining whether he fully understood and appreciated the dangers of his position, does not excuse the master from giving him proper instructions as to the dangers attending his employment and the necessity for care.

ID. — REMOVAL OF SLIVERS FROM RUNNING SAW — CONCEALED SET-SCREW — EXPERIENCE OF SERVANT — QUESTION OF FACT. — Where it appears that an employee in a saw-mill was seriously injured while running a scantling-machine and saw, in attempting to remove slivers from under the saw, by reason of his sleeve catching on a concealed set-screw fixed upon and projecting from a shaft below the saw, the fact that he had been employed in the mill for nearly two years, and had been working as assistant on the scantling-machine, in putting the lumber in place to be cut by the saw, for about nine months, and had, during that time, in the absence of the foreman, run the machine for eighteen days, does not warrant the appellate court in saying, as matter of law, that he was experienced in the work he was doing, and had knowledge of the set-screw, and of the danger of placing his hand where he did while the machine was running, but his experience, and knowledge of the machine, is a question of fact for the jury.

ID. — CONTRIBUTORY NEGLIGENCE — QUESTION OF FACT — DUTY TO STOP MACHINERY — OBSERVED CUSTOM. — The fact that the injured employee attempted to remove the sliver without stopping the machinery does not of itself constitute contributory negligence, but it is a question of fact

for the jury as to whether he was exercising due care in what he did; and the jury may consider, in determining the question, that the injured party had often seen such obstructions removed from near the same place when the saw was in motion, and had received no notice that it was dangerous to do so, and that to have stopped the machinery in order to remove the sliver would have occasioned delay in the work, and that it was not the custom to do so.

ID. — MODE OF LOSS OF SERVANT'S HAND — INSTRUCTION. — An instruction to the jury, that if the defendants were negligent in not giving proper instructions to the injured servant, it was immaterial whether his hand was pulled off by the screw or cut off by the saw, is not prejudicially erroneous, where the evidence shows that the injury was caused by the catching of his sleeve in the set screw, of which the servant was ignorant.

ID. — LIABILITY OF OWNERS OF SAW-MILL — NEGLIGENCE OF SUPERINTENDENT. — The fact that the owners of the saw-mill did not manage the mill in person, and did not personally employ or have communication with the injured servant, does not absolve them from liability, if their superintendent or foreman was negligent in putting the servant to work without proper instructions.

APPEAL — ORDER DENYING NEW TRIAL — PREVIOUS ORDERS — BILL OF EXCEPTIONS — RECORD. — Upon an appeal from an order denying a new trial, a previous order of the trial court granting a new trial, and its subsequent order vacating and setting aside that order, and reinstating the motion for the new trial, which are not embodied in any bill of exceptions, but which are filed as an "additional record," upon the suggestion of a diminution of record, do not properly form part of the record on appeal from the order denying the new trial, and will not be considered.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Jarboe, Harrison & Goodfellow,* for Appellants.

As the set-screw was upon all like machines, and was necessary to their proper working, the defendants were not negligent in permitting one to be upon this machine. (*Goodnow* v. *Walpole Emery Mills,* 146 Mass. 267; *Dougan* v. *Champlain Trans. Co.,* 56 N. Y. 7.) The fact that this machine had been in use at the mill for years prior to this accident, and no one had ever been injured by this set-screw, is itself proof that it was not negligence on the

part of the defendants in maintaining its use. (*Lafflin* v. *Buffalo etc. R. R. Co.*, 106 N. Y. 141; *Stringham* v. *Hilton*, 111 N. Y. 197.) When the machine became clogged with the sliver, it was at the option of the plaintiff whether he would stop the machine and remove it without incurring any risk, or whether he would assume the risk of injury by removing it while the machine was in motion. He chose the latter, and the injury sustained by him must be borne by himself, and not by the defendants. (*Felch* v. *Allen*, 98 Mass. 572; *Northern Pacific R. R. Co.* v. *Estes*, 37 Kan. 715; *Cahill* v. *Hilton*, 106 N. Y. 512; *Coffey* v. *Chapal*, 2 N. Y. Super. Ct. 648; *Jenney Electric Light Co.* v. *Murphy*, 115 Ind. 571; *St. Louis B. & I. Works* v. *Burke*, 12 Brad. App. 369; *Beckham* v. *Hillier*, 47 N. J. L. 12; *Atlas Engine Works* v. *Randall*, 100 Ind. 293; 50 Am. Rep. 798; *C. & I. Co.* v. *Simmons*, 11 Brad. App. 147; *Gibson* v. *Erie R'y Co.*, 63 N. Y. 454; 20 Am. Rep. 552; *Penn. Co.* v. *Lynch*, 90 Ill. 333.) The defendants had a right to assume that the plaintiff, with his instructions, knew how to act (*Williams* v. *Churchill*, 137 Mass. 244), and that he would protect himself. (*Russell* v. *Tillotson*, 140 Mass. 201.) If the servant has equal knowledge or means of knowledge with the master, the master is not liable for any injuries sustained by the servant, and "the means of knowing by ordinary care is evidence of knowledge." (*Muldowney* v. *I. C. R. R. Co.*, 39 Iowa, 620.) When the facts are admitted, or established by uncontradicted evidence, the question of negligence is a matter of law for the court, and a nonsuit should be granted. So, too, when the plaintiff by his own testimony shows that he was guilty of contributory negligence, resulting in the injury, should a nonsuit be granted. (*Flemming* v. *Western Pacific R. R. Co.*, 49 Cal. 257; *Glascock* v. *Central Pacific R. R. Co.*, 73 Cal. 141.) From the testimony it is clear that the claim of the plaintiff that he was "inexperienced" in the running of the machine is totally unfounded. He had that experi-

ence which comes not only from observation, but from actual practice, and which best qualified him to take charge of the machine. He knew, therefore, all that the instructions of the defendants would have imparted to him. (*Hickey* v. *Taaffe*, 105 N. Y. 37.) Having had this experience, and being qualified thereby to run the machine, there was no occasion for the defendants to give him any further instruction, and their failure to do so was not negligence on their part. (*Foley* v. *Pettee M. Works*, 149 Mass. 294; *Probert* v. *Phipps*, 149 Mass. 258; *Ship Building Works* v. *Nuttall*, 119 Pa. St. 149; *Ciriack* v. *Merchants' Woolen Co.*, 146 Mass. 190; 4 Am. St. Rep. 307; *Crowley* v. *Pacific Mills*, 148 Mass. 230; *Hickey* v. *Taaffe*, 105 N. Y. 37; *Buckley* v. *G. P. & R. M. Co.*, 113 N. Y. 540.) The machine was no more dangerous than are all such machines. It was not dangerous in itself, but "dangerous only because there was danger in working upon it." (*Gilbert* v. *Guild*, 144 Mass. 604.) And the danger in running it was as obvious to the plaintiff as to the defendants. It needs no instruction to an adult that a circular saw in rapid motion is dangerous, and that if he puts his hand against it his hand will be cut off. (*Russell* v. *Tillotson*, 140 Mass. 201. See *Coolbroth* v. *M. C. R. R. Co.*, 77 Me. 168; and *Prentiss* v. *Kent F. M. Co.*, 63 Mich. 478.) The act of the plaintiff in putting his hand into the machine while it was in motion was gross negligence on his part, and it was this act of negligence which, not merely proximately, but solely, caused the injury to him. (*Muldowney* v. *Illinois Central R. R. Co.*, 39 Iowa, 620; *Money* v. *Lower Vein Coal Co.*, 55 Iowa, 673; *Seefeld* v. *C. M. etc. R. R. Co.*, 70 Wis. 223; *Glascock* v. *Central Pacific R. R. Co.*, 73 Cal. 141; Beach on Contributory Negligence, sec. 138.)

*William F. Herrin*, also for Appellants.

It is a universal principle that damages cannot be recovered for accidental injuries which could not be

reasonably foreseen or anticipated in the exercise of ordinary care by the person sought to be charged therewith. (*Sjogren* v. *Hall*, 53 Mich. 374; *Loftus* v. *Union Ferry Co.*, 84 N. Y. 455, 460; 38 Am. Rep. 533; *Crocheron* v. *North Shore etc. Co.*, 56 N. Y. 656; *Cleveland* v. *N. J. etc. Co.*, 68 N. Y. 306, 310; *Burke* v. *Witherbee*, 98 N. Y. 562; *Sanborn* v. *R. R. Co.*, 35 Kan. 292; *Wabash R'y Co.* v. *Locke*, 112 Ind. 404; *Mad River Co.* v. *Barber*, 5 Ohio St. 560, 565; 67 Am. Dec. 312; *Louisville & N. R. R. Co.* v. *Allen*, 78 Ala. 494, 503, 504; *Loonam* v. *Brockway*, 28 How. Pr. 472; *Blyth* v. *Birmingham Water Works*, 11 Hurl. & G. 781; *Schroeder* v. *Michigan Car Co.*, 56 Mich. 132.) The employer is only required to use such reasonable precautions to prevent accidents as would have been adopted by prudent persons prior to the accident. (*Wabash R'y Co.* v. *Locke*, 112 Ind. 404; *Chicago etc. R. R. Co.* v. *Stumps*, 55 Ill. 367.) The master is not liable for an accident, when there is no evidence tending to show that he knew, or by reasonable care ought to have known, of the special peril of the servant. (*Hobbs* v. *Stauer*, 62 Wis. 108.) The burden is on the servant to show that the master knew of the hazard, or in the exercise of ordinary care would have known it, and must overcome the presumption that he assumes the ordinary hazards of the business by proof that he himself could not have known of the hazard by ordinary care. (*Minty* v. *U. P. R'y Co.*, 21 Pac. Rep. 660.) The employer is entitled to the benefit of the presumption that he has performed his duty, until the contrary is established by proof. (*Cahill* v. *Hilton*, 106 N. Y. 512.) A servant cannot recover of his master for an accidental injury, unless he proves that the master knew, or ought to have known, of the peril, and that he himself had not equal means of knowledge. (*Hayden* v. *Smithville Co.*, 29 Conn. 548–560; *McGlynn* v. *Brodie*, 31 Cal. 381; *Hull* v. *Hall*, 78 Me. 117.) A servant cannot recover for an injury suffered in the course of his employ-

ment, unless the master knew, or ought to have known, of the peril. (*Malone* v. *Hawley*, 46 Cal. 409; *Wright* v. *N. Y. Cent. R'y Co.*, 25 N. Y. 566; *Mad River Co.* v. *Barber*, 5 Ohio St. 541, 560; 67 Am. Dec. 312.) A master is not liable for an unforeseen accident to the servant, when he is not shown to have failed in the exercise of ordinary care. (*Sjogren* v. *Hall*, 53 Mich. 274; *Wabash R'y Co.* v. *Locke*, 112 Ind. 404; 2 Am. St. Rep. 193; *Loonam* v. *Brockway*, 28 How. Pr. 473, 474; *Delaware Works* v. *Nuttall*, 119 Pa. St. 158; *Atlas Engine Works* v. *Randall*, 100 Ind. 298; 50 Am. Rep. 798; *Hickey* v. *Taaffe*, 105 N. Y. 38; *Burke* v. *Witherbee*, 98 N. Y. 562; *Buckley* v. *G. P. & R. M. Co.*, 113 N. Y. 540; *Kean* v. *Detroit Mills*, 66 Mich. 277; *Schroeder* v. *Michigan Car Co.*, 56 Mich. 132; *Sanborn* v. *R. R. Co.*, 35 Kan. 292.) The mere relation of master and servant never can imply an obligation on the part of the master to take more care of the servant than he may reasonably be expected to do for himself. (*Priestly* v. *Fowler*, 3 Mees. & W. 6.) A master is not responsible for accidental injuries to a servant arising from the servant's voluntary use of machinery or implements the nature and condition of which he understands, and which is not known by either master or servant to be peculiarly unsafe. (*Richards* v. *Rough*, 53 Mich. 212.) If a servant of full age and ordinary intelligence, upon being required to perform other duties more dangerous and complicated than those embraced in his original hiring, undertakes the same, knowing their dangerous character, although unwillingly, and from fear of losing his position, and is injured by reason of his ignorance and inexperience, he cannot maintain an action against the master for such injury. (*Leary* v. *Boston etc. R. R. Co.*, 139 Mass. 580; 52 Am. Rep. 733; *Wormell* v. *Maine etc. R. R. Co.*, 79 Me. 410; 1 Am. St. Rep. 321.) A servant, by accepting the performance of duties outside of the course of his regular employment, assumes the risk incident to those duties. (*Wormell* v. *Maine etc. R. R. Co.*, 79

Me. 410; 1 Am. St. Rep. 321; *Leary* v. *Boston etc. R. R. Co.*, 139 Mass. 587; 52 Am. Rep. 733; *Prentiss* v. *Kent F. Mfg. Co.*, 63 Mich. 478, 482.) If there is no omission of ordinary and usual appliances, the master is not bound to guard or warn the servant against peril unknown to the master, or against unforeseen and unanticipated accidental injury to the servant, whereby his hand or arm is caught and crushed in moving machinery, but the servant assumes the risk of such peril and accidental injury. (*Clarke* v. *Barnes*, 37 Hun, 389; *Hickey* v. *Taaffe*, 105 N. Y. 26; *Buckley* v. *G. P. & R. M. Co.*, 113 N. Y. 540; *Atlas Engine Works* v. *Randall*, 100 Ind. 298; 50 Am. Rep. 798; *Sanborn* v. *R. R. Co.*, 35 Kan. 292; *Kean* v. *Detroit Mills*, 66 Mich. 277; *Palmer* v. *Harrison*, 57 Mich. 182, 184; *Prentiss* v. *Kent Mfg. Co.*, 63 Mich. 478.) If the machinery be of an ordinary character, and such as can with reasonable care be used without injury to the employee, it is all that can be required from the employer, and this is the limit of his responsibility and the sum total of his duty. (*Payne* v. *Reese*, 100 Pa. St. 301.) And in such case the master is not responsible for accident. (*Pitts. & C. R. R. Co.* v. *Sentmeyer*, 92 Pa. St. 276; 37 Am. Rep. 684; *Lehigh & W. Coal Co.* v. *Hayes*, 18 Atl. Rep. (Pa.) 387.) Neglect to guard or cover ordinary machinery of the employment will not of itself make a master liable to a servant for a hurt preventable by such precaution. (*Sullivan* v. *India Mfg. Co.*, 113 Mass. 396; *Sanborn* v. *A., T., & S. F. R. R. Co.*, 35 Kan. 292; *Schroeder* v. *Michigan Car Co.*, 56 Mich. 132; *Palmer* v. *Harrison*, 57 Mich. 182; *Rock* v. *Indian Orchard Mills*, 142 Mass. 522.) Employers are only bound to give such instructions as are reasonably necessary to guard employees against danger. (*Ciriack* v. *Merchants' Company*, 146 Mass. 182; 4 Am. St. Rep. 307; *Russell* v. *Tillotson*, 140 Mass. 201; *Melzer* v. *Car Co.*, 76 Mich. 94, 100; *Foley* v. *Pettee Machine Works*, 149 Mass. 294, 297; *Coffey* v. *Chapal*, 2 N. Y. Super. Ct. 648; *Berger* v. *St. Paul R'y Co.*, 39 Minn. 78;

*Goodnow* v. *Walpole Emery Mills*, 146 Mass. 261.) The plaintiff not only had sufficient capacity to run the machine, but was instructed to take no risk, and to stop the machine when necessary to avoid risk, and his neglect to do so was contributory negligence. (*Sanborn* v. *A., T., & S. F. R. R. Co.*, 35 Kan. 292, 297, 298; *O'Keefe* v. *Thorn*, 16 Atl. Rep. 737; *Goodnow* v. *Walpole Emery Mills*, 146 Mass. 261; *Townsend* v. *Langles*, 41 Fed. Rep. 919; *Probert* v. *Phipps*, 149 Mass. 258.) The master or his foreman has the right to assume that a servant, not of manifest imbecility, will protect himself by whatever precautions are necessary to avoid danger. (*Russell* v. *Tillotson*, 140 Mass. 200, 201.) The employer is not bound to anticipate an improper use of appliances by an employee. (*Schmidt* v. *Leistekow*, 6 Dak. 386.) The master or his foreman is not bound to anticipate and caution against extraordinary, unusual, and improbable occurrences involving inattention or want of caution on the part of the servant. (*Atlas Engine Works* v. *Randall*, 100 Ind. 298; 50 Am. Rep. 798; *Bohn* v. *Havemeyer*, 46 Hun, 558.) Even the direction of a foreman to a servant to do something in which there is apparent danger will not make the master liable for an injury resulting to the servant. If he obeys, and encounters the danger, he takes the chances of the perils incident thereto. (*Melzer* v. *Car Co.*, 76 Mich. 94; *Kean* v. *Detroit Mills*, 66 Mich. 277.) Such direction does not relieve the servant of the duty of exercising ordinary care to avoid peril, and if he could, by reasonable care, have averted the accident, the master is not liable. (*Cornwall* v. *Charlotte R. R. Co.*, 97 N. C. 11.) A peril voluntarily and unnecessarily assumed by a servant, which could have been easily avoided by a safer method of accomplishing the service, constitutes such contributory negligence as will preclude his recovery for injury. (*Patnode* v. *Harter*, 20 Nev. 303; *Pennsylvania Co.* v. *Lynch*, 90 Ill. 333; *Murphy* v. *Webster*, 151 Mass. 121; *Humphreys* v. *Newport News & M. V.*

*Co.*, 33 W. Va. 135; *Cawley* v. *R. R. Co.*, 31 W. Va. 120, 121; *Cornwall* v. *Charlotte R. R. Co.*, 97 N. C. 11; *Lothrop* v. *R. R. Co.*, 150 Mass. 423, and cases cited; *Chicago etc. R. R. Co.* v. *Donahue*, 75 Ill. 108; *Hathaway* v. *M. C. R. R. Co.*, 51 Mich. 262; 47 Am. Rep. 569; *Priestly* v. *Fowler*, 3 Mees. & W. 6; *Smith* v. *Winona R. R. Co.*, 42 Minn. 87; *Pittsburg R. R. Co.* v. *Sentmeyer*, 92 Pa. St. 276, 280–282; 37 Am. Rep. 684; *Bohn* v. *Havemeyer*, 46 Hun, 558; *Jenney* v. *Electric Light etc. Co.* v. *Murphy*, 115 Ind. 571; *Stoll* v. *Hoopes*, 14 Atl. Rep. 658; *St. Louis Bolt and Iron Co.* v. *Burke*, 12 Brad. App. 369, 372; *Cahill* v. *Hilton*, 106 N. Y. 513; *Beckham* v. *Hillier*, 47 N. J. L. 12–15.) The plaintiff having failed to make a *prima facie* case of negligence of the defendant, a nonsuit should have been granted. (*Schmidt* v. *Bauer*, 80 Cal. 567, 568; *Shaw* v. *Crocker*, 42 Cal. 438; *Dougan* v. *Champlain T. Co.*, 56 N. Y. 2, 7, 8; *Crocheron* v. *North Shore S. I. F. Co.*, 56 N. Y. 656; *Cleveland* v. *New Jersey Steamboat Co.*, 68 N. Y. 306; *Burke* v. *Witherbee*, 98 N. Y. 562; *Stoll* v. *Hoopes*, 14 Atl. Rep. 658; *Wabash R'y Co.* v. *Locke*, 112 Ind. 404; *Sweeney* v. *Berlin Co.*, 101 N. Y. 520; 54 Am. Rep. 722; *Lafflin* v. *Buffalo R. R. Co.*, 106 N. Y. 136; 60 Am. Rep. 433.) So, also, the plaintiff's evidence showing a clear case of contributory negligence or want of care on plaintiff's part, a nonsuit should have been granted. (*Flemming* v. *Western Pac. R. R. Co.*, 49 Cal. 253, 257; *Deville* v. *Southern Pac. R. R. Co.*, 50 Cal. 383–385; *Glascock* v. *Central Pac. R. R. Co.*, 73 Cal. 137, 141; *Patnode* v. *Harter*, 20 Nev. 303; *Harper* v. *Erie R'y Co.*, 32 N. J. L. 88; *Wormell* v. *Maine Cent. R. R. Co.*, 79 Me. 397; 1 Am. St. Rep. 321.) It is for the court to say whether any facts have been established from which negligence may be reasonably inferred. (*Met. R'y Co.* v. *Jackson*, L. R. 3 App. Cas. 193; *Randall* v. *Baltimore R. R. Co.*, 109 U. S. 482; *Conner* v. *Citizens' R'y Co.*, 105 Ind. 62; *Woolery* v. *Louisville etc. R'y Co.*, 107 Ind. 387; 57 Am. Rep. 114; *Palmer* v. *Harrison*, 57 Mich. 184, 185; *Schofield* v. *Chicago etc. R'y Co.*, 114 U. S. 618,

619; *Baker* v. *Fehr*, 97 Pa. St. 72; *Indianapolis* v. *Cook*, 99 Ind. 14; *Snow* v. *Housatonic R. R. Co.*, 90 Mass. 448; 85 Am. Dec. 720; *Todd* v. *Old Colony etc. R. R. Co.*, 89 Mass. 207-209; 83 Am. Dec. 679; *Gahagan* v. *Boston R. R. Co.*, 1 Allen, 190; 79 Am. Dec. 724; *Gavett* v. *Manchester R. R. Co.*, 16 Gray, 506; 77 Am. Dec. 422; *Seefeld* v. *Chicago etc. R'y Co.*, 70 Wis. 217; 5 Am. St. Rep. 168; *Wormell* v. *Maine Cent. R. R. Co.*, 79 Me. 397; 1 Am. St. Rep. 321.) The rule which forbids the appellate court from weighing conflicting evidence cannot apply to this case; for the question is, whether negligence of the defendants can be inferred from the plaintiff's evidence, which is the most favorable to him. (*Wabash R'y Co.* v. *Locke*, 112 Ind. 404; 2 Am. St. Rep. 193; *Burke* v. *Witherbee*, 98 N. Y. 564.)

*Pillsbury & Blanding*, for Respondent.

The duty was cast upon the defendants to exercise care and prudence that the plaintiff should not be exposed to unreasonable risks and dangers. It was the duty of the defendants to give him such notice and instructions as were reasonably required by his inexperience or want of capacity. The employee takes the risk only of "seen dangers"; and when there is any hidden danger connected with the machinery in which he is engaged, he has a right to have it distinctly announced to him. It is particularly the duty of the employer to warn the employee as to any such danger, and to point it out to him when he enters the service. (Beach on Contributory Negligence, 362; Wharton on Negligence, sec. 859; *Magee* v. *North Pac. Coast R. R. Co.*, 78 Cal. 430-435; 12 Am. St. Rep. 69; *Atkins* v. *Merrick Thread Co.*, 142 Mass. 431; *Dowling* v. *Allen*, 74 Mo. 13; 41 Am. Rep. 298.) The question as to whether the plaintiff was guilty of contributory negligence or not was a question of fact for the jury. (*Schierhold* v. *R. R. Co.*, 40 Cal. 453; *Jamison* v. *R. R. Co.*, 55 Cal. 595, 596; *McKeever* v.

*R. R. Co.*, 59 Cal. 300; *Fernandes* v. *R. R. Co.*, 52 Cal. 50; *Wilson* v. *R. R. Co.*, 62 Cal. 172, 173; *MacDougall* v. *R. R. Co.*, 63 Cal. 434; *McQuilken* v. *R. R. Co.*, 64 Cal. 464; *Hynes* v. *R. R. Co.*, 65 Cal. 319; *Dufour* v. *R. R. Co.*, 67 Cal. 322; *McDermott* v. *R. R. Co.*, 68 Cal. 34. See also *Magee* v. *North Pac. Coast R. R. Co.*, 78 Cal. 430, 435; 12 Am. St. Rep. 69; *Kane* v. *Northern Central R'y Co.*, 128 U. S. 91; *Jones* v. *East Tennessee R. R. Co.*, 128 U. S. 443; *Dunlap* v. *Northeastern R. R. Co.*, 130 U. S. 649.

DE HAVEN, J. — This is an action to recover damages for a personal injury sustained by the plaintiff, and alleged to have been caused by the negligence of the defendants.

The complaint alleges, in substance, that at the date of receiving the injury, and for some time prior thereto, plaintiff was employed by defendants in their saw-mill; that his regular work was to assist the man in charge of a "scantling-machine and saw" for cutting lumber, plaintiff's duty being "to put the lumber in place to be run through the machine and cut by the saw." On or about February 14, 1884, the man regularly employed to run this machine became sick, and plaintiff was directed by the defendants to take his place for the time. The plaintiff expressed a doubt as to his ability to do so on account of his inexperience, but was assured by defendants that he was qualified to take charge of this work, and he did so. While engaged in this work, in removing some slivers from under the saw, plaintiff's sleeve caught on a set-screw fixed upon and projecting from a shaft located below the saw, which shaft worked the rollers carrying lumber to the saw, and by means thereof the arm of plaintiff was wound around the shaft, and so broken as to necessitate amputation. It is alleged that the plaintiff did not know of this set-screw, and could not see the same, and was not acquainted with the danger of removing the slivers, and that in the attempt

to remove the same he acted in the same manner as
he had seen the man do who had regular charge of the
machine.  The complaint further alleges that the work
of running the machine was dangerous, and plaintiff was
inexperienced and ignorant of the dangers attending the
same, and that defendants knew this, and neglected to
warn him of such dangers, or properly instruct him in
such work.

In their answer, the defendants allege that plaintiff
was employed to take the place of the foreman on the
scantling-machine, when for any reason necessary; that
he had frequently done so, and was fully acquainted with
the work, and never expressed any doubt of his ability
to run the machine and saw; that he had been fully
instructed and warned concerning the saw, and the mode
of using it, and of the danger of said employment; and
that plaintiff knew the work was dangerous, and that it
was fraught with danger to attempt to remove slivers
from the saw when in motion.

Plaintiff recovered a judgment for twelve thousand five
hundred dollars and costs.  The defendants appeal.

The principles of law governing this class of actions
are clearly defined.  It is well settled that one who enters
the service of another takes upon himself the ordinary
risks of the employment; and if he is an adult, and
engages to do a particular work, the employer has a right
to presume, unless otherwise informed, that the employee
is competent to perform it, and understands and appreci-
ates such risks.  But, on the other hand, when one who
is known to be an inexperienced person is put to work
upon machinery which is dangerous to operate unless
with care, and by one familiar with its structure, the
employer is bound to give him such instructions as will
cause him to fully understand and appreciate the dan-
ger attending the employment and the necessity for
care.  This rule is thus stated by the supreme court of
Wisconsin:  " We think that it is now clearly settled that

if a master employs a servant to do work in a dangerous place, or where the mode of doing the work is dangerous, and apparent to a person of capacity and knowledge of the subject, yet if the servant employed to do work of such a dangerous character or in a dangerous place, from youth, inexperience, ignorance, or want of general capacity, may fail to appreciate the dangers, it is a breach of duty on the part of the master to expose a servant of such character, even with his own consent, to such dangers, unless he first gives him such instructions or cautions as will enable him to comprehend them, and do his work safely with proper care on his part." (*Jones* v. *Florence Mining Co.*, 66 Wis. 277; 57 Am. Rep. 269.)

It is true, this rule, which requires the employer to give proper instructions, is most frequently applied in cases where persons of immature years are employed about dangerous machinery, but the same principle governs where the person so put to work is of mature years, but without experience in the particular work, and without knowledge of the actual dangers attending it. But, of course, the fact that the person injured was of mature years, as was the plaintiff here, is a matter for the careful consideration of the jury in determining whether he fully understood and appreciated the dangers of his position.

It is claimed by the appellants that they were not guilty of any negligence toward plaintiff, and that plaintiff, by his own want of care, contributed to the injury which he received.

In passing upon the question of defendants' alleged negligence, it was necessary for the jury to determine,—

1. Was plaintiff in fact inexperienced in the work in which he was engaged? and if so,—

2. Were defendants informed of this fact?

3. If defendants were so informed, did they neglect to give him notice of the location of the set-screw, and to instruct him in the manner of running the machine, so as to guard him against the injury which he received?

The verdict of the jury necessarily implies that all of these questions were answered affirmatively in the minds of the jury, and upon all of them there is a substantial conflict in the evidence, unless it can be said as a matter of law that upon the plaintiff's own statement showing the length of time he had been employed as assistant on the machine, and how much he had himself run it in the absence of the foreman, the jury ought to have found that he was not inexperienced in the place he was temporarily filling, and not without knowledge of the location of the set-screw and the danger to be incurred from placing his hand where he did while the machine was running. It appears from plaintiff's own testimony that he had worked inside of the mill, taking lumber from the big saw for nearly two years, and had been employed as assistant on the scantling-machine — that is, in putting the lumber in place to be cut by the saw — for about nine months, and during that time he had, upon different occasions when the foreman was absent, run the machine, in all, eighteen days prior to the accident.

It does not appear that plaintiff's duty as assistant was such as would necessarily give him knowledge of the structure of the machine, or of the existence of the projecting set-screw, which was a concealed danger. It is not shown that he had ever been called upon or that it was any part of his duty to become acquainted with this machinery, or to adjust it when out of order. It is doubtless true that some men with the same opportunity would have become familiar with its mechanism, and fully qualified to take charge of it, but it is a matter of common experience that all men would not. There is a difference in the capacity of men to acquire a particular knowledge of machinery, or of the arrangement of its parts, or manner of construction, some having greater power of observation, and more desire to investigate and understand, than others. The extent of plaintiff's knowledge of this machinery was therefore a question of fact

for the jury to determine from all the evidence before them, and we think it was fairly submitted to them in the instructions of the court.

The defendants insist that the plaintiff was himself guilty of contributory negligence in attempting to remove the sliver without stopping the machinery. We think, however, that upon the evidence in this case, this was a question of fact to be determined by the jury, and the finding upon this point would depend largely upon plaintiff's knowledge, or want of knowledge, of the location of the set-screw. If he knew the screw was there and projecting, it was gross carelessness for him to place his hand where he did, with this shaft in motion. If he was ignorant of its existence, it was still a question for the jury to consider whether he was exercising due care in what he did, unless he knew that he could remove the sliver with safety to himself. In reaching a conclusion, the jury might properly consider that he had often seen such obstructions removed from near the same place when the saw was in motion, and had received no notice that it was dangerous to do so, and that to have stopped the machinery in order to remove the sliver would have occasioned delay in the work, and that it was not the custom to do so. It seems clear to us that the inference to be drawn from these facts would not necessarily be that the plaintiff was guilty of culpable negligence, and different persons might fairly differ as to the proper conclusion to be reached. In such a case, the question to be decided is one of fact for the jury, and not of law for the court. And when the matter has been passed upon by the jury, and the judge of the trial court is satisfied with their finding, the verdict is conclusive of the question here.

The law upon this point is clearly stated in the case of *Coombs* v. *New Bedford Cordage Company*, 102 Mass. 585, 3 Am. Rep. 506, as follows: "Whether it was possible for the plaintiff to have met with the accident from inadver-

tence or want of acquaintance with the danger of his position, without being chargeable with a want of reasonable care, we think is a question to be submitted to the jury. The facts that he saw, or might have seen, the machinery in motion, and might have known that it was dangerous to expose himself to be caught in it, are considerations which should be regarded on one side. On the other, some allowance should be made for his youth, his inexperience in the business, and for the reliance which he might have placed upon the direction of his employers. It has been held in other cases that previous knowledge of a danger is not conclusive evidence of negligence in failing to avoid it."

In the case of *Swoboda* v. *Ward*, 40 Mich. 420, the plaintiff had been working in the mill for about fourteen days, carrying slabs from the gang-saws and placing them on the rollers, and when injured he had taken hold of a heavy slab, too heavy for one man to carry, and was pulling it, walking backwards, when he slipped back against the cog-wheels near the slab-run, and his feet were caught and leg drawn into the cog-wheels and permanently injured. It was shown that he had not been warned about the cog-wheels, and had never noticed them until he was hurt, but that he could have seen the cogs if he had stopped work to look for them, and that he was without experience and knowledge in mills. Upon these facts, the court held that the question of contributory negligence was for the jury, and that the trial court erred in holding, as a matter of law, that there was such negligence.

The court there said: " The plaintiff, at the time of the injury, was properly engaged in the active discharge of his duty. He testified that he had not been warned about these cogs, and had not noticed them until after he was hurt. Contributory negligence presupposes the doing of some act which ought not to be done, or the omission to do something which should be done; in

other words, a want of due care. (5 Am. Law Reg., N. S., 405 n.) If he did not know of the exposed and dangerous condition of these cogs, then by remaining at work he was not doing something which he should not have done, and the effort he was making, at the time of the accident, to remove the slab showed no want of due care on his part, but, on the contrary, was commendable. Even if he had known of the cogs and their unguarded condition, it would not thereby conclusively follow that he could not recover. Other facts and circumstances would have to be considered in connection therewith, — his age, his intelligence, his experience, and such like, — so that the jury might ascertain and determine whether he fully understood and appreciated the danger."

To the same effect is *Dowling* v. *Allen*, 74 Mo. 13; 41 Am. Rep. 298. This case again came before the supreme court of Missouri, reported in 102 Mo. 213, and the same principle was reaffirmed.

The jury must have found in this case that plaintiff was without knowledge of the existence of the set-screw, and did not know that he was exposing himself to danger from it when he placed his hand where he did. We do not feel authorized to disturb the verdict of the jury on this point.

The instruction complained of, to the effect that if defendants were negligent in not giving proper instructions to plaintiff, it was immaterial whether his hand was pulled off by the screw or cut off by the saw, could not, upon the evidence before the jury, have injured the defendants.

We have not overlooked the fact that in this case the defendants did not manage their mill in person, and did not personally employ plaintiff, or have any communication with him personally. If their superintendent, or other foreman, was negligent in putting the plaintiff to work without proper instructions, such negligence is in law that of the defendants, and they are liable for it.

The defendants have appealed from the order of the

superior court made April 3, 1888, denying their motion for a new trial, and upon the argument of this case suggested a diminution of the record, and asked leave to file, as an " additional record, " the previous order of that court made in this action January 30, 1888, granting a new trial thereof, and the subsequent order vacating and setting this aside, and reinstating the motion for a new trial.   It is claimed by the appellants that the power of the court was exhausted when it granted the motion for a new trial, and that its subsequent orders vacating this and denying their motion for a new trial were absolutely void.   This additional record is not embodied in any bill of exceptions, and we do not think it forms any part of the record on this appeal.

Judgment and order affirmed.

McFARLAND, J., GAROUTTE, J., and BEATTY, C. J., concurred.

HARRISON, J., being disqualified, did not participate in the foregoing opinion.