[Civil No. 368.   Filed April 8, 1893.]

[33 Pac. 590.]

ARIZONA LUMBER AND TIMBER COMPANY, Defendant and Appellant, v. WILLIAM MOONEY, Plaintiff and Appellee.

1. MASTER AND SERVANT—HAZARDOUS EMPLOYMENT—SERVANT KNOWN TO BE INEXPERIENCED—MASTER'S DUTY TO INSTRUCT—NEGLIGENCE. —When the employment is hazardous and dangerous, requiring some skill and experience to properly guard against accident and consequent injuries, it is the duty of the master, if the servant be known to be, through youth, inexperience, or want of capacity, ignorant of the dangers, and the proper manner of doing his work so as to avoid them, to see to it that this servant be informed of the risks he assumes, and properly instructed, so that he may be able to do his work in such a way that he may be as safe against accident as proper care on his part may insure. If the master fail in this duty, it is, in law, negligence.

2. SAME—SAME—INEXPERIENCED SERVANT—ASSUMED RISK—PRESUMPTION.—An employee who is shown to be inexperienced in the use

of machinery of the kind he is set to work with will not be presumed, in absence of proof to the contrary, to comprehend and to contract to assume such dangers as are incident thereto as may not, to a person of his age and general capacity, be apparent and obvious.

3. APPEAL AND ERROR—EVIDENCE—ERROR IN INTRODUCTION AND EXCLUSION OF—MUST BE EMBODIED IN MOTION FOR NEW TRIAL.—When assignments of error, based upon the rulings of the trial court relative to the introduction and exclusion of evidence, were not mentioned in the motion for new trial, they cannot be considered on appeal.

Reversed on rehearing.  *Post.*

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Coconino. Edmund W. Wells, Judge.  Affirmed.

The facts are stated in the opinion.

Norris & Ellinwood, for Appellant.

The court erred in permitting plaintiff to testify, over the objection of defendant, that he had never received any instructions from the defendant regarding the character of the work in which he was employed, as to its being dangerous or unsafe, nor any instructions as to how he should run the saw in question nor any of the machinery in the mill.

It does not appear that he did not know how to run the machine, nor that it was from a lack of such knowledge that he was injured. And the testimony that he had never received any instructions how to run it was irrelevant, and its admission error.

Deciding the case of *Stephenson* v. *Duncan*, 73 Wis. 404, 9 Am. St. Rep. 806, 41 N. W. 337, Cole, C. J., said: "When the plaintiff entered upon his employment of operating the machinery and shingle-mill owned by the defendant, the unsafe condition of such shingle-mill, the fact that the saw was not covered, and that it projected over its frame partly across the narrow passageway along which he was obliged to go in tightening and loosening the belt, were all matters presumably within his knowledge. The condition of the passageway and the relation of the saw to it, if unsafe and dangerous, would be seen and comprehended by a person of

Arizona 4—7

common intelligence, and the plaintiff assumed the risk incident to the service when he undertook the employment.''

Where the dangers of the employment are visible and apparent to one of ordinary intelligence, there is no duty on the part of the employer to warn an employee thereof. *Yates* v. *McCullough Iron Co.*, 69 Md. 370, 16 Atl. 283; *Johnson* v. *Ashland Water Co.*, 77 Wis. 51, 45 N. W. 807; 14 Am. & Eng. Ency. of Law, 900; *Prentiss* v. *Kent Manufacturing Co.*, 63 Mich. 478, 30 N. W. 109; *Bond v. Smith*, 14 N. Y. Supp. 932, 39 Am. St. Rep. 124.

Even if defendant's *duty* to warn was established, and his negligent *failure* to warn was established, still there would be a third indispensable step to be taken, and that is, that such failure to warn *caused* the injury complained of.

Stewart & Doe, for Appellee.

SLOAN, J.—Appellee brought suit in the district court, Coconino County, against appellant, to recover damages for personal injuries sustained by him while in the employ of appellant, which said injuries are alleged to have been caused by the negligence of the latter. There was a verdict and judgment for appellee for thirty-five hundred dollars, and the appellant brings this appeal from said judgment, and from the order overruling the motion for a new trial. It is alleged in the complaint, in substance, that the Arizona Lumber and Timber Company, appellant, was on the eighth day of October, 1890, the owner of and engaged in operating a saw and planing mill in said county; that a part of the machinery in use in said mill on said date was a certain circular saw used for ripping boards, commonly called a "resaw"; that this saw was unsafe, defective, unguarded, and dangerous, and known to be such by appellant; that prior to said date appellee had been employed by appellant to work in and about said mill as a common or unskilled laborer; that on said date appellee, by direction of appellant, was engaged in assisting in the operation of said circular saw, his immediate duty being to place lumber in position to be cut by said saw; that at the time appellee was inexperienced in the use of said saw and the machinery connected therewith, and ignorant of the dangerous character and condition thereof; that all this

was at the time well known to appellant, both as to the dangerous character and condition of said saw, as well as appellee's inexperience and want of knowledge of the use and proper management of the same, but, nevertheless, appellant, in breach of its duty to appellee, negligently refrained from informing him as to the dangerous character and condition of the said machinery, as well as to instruct him as to the proper manner of operating the same; that by reason of said neglect and the unsafe and dangerous condition of said machinery, appellee, while engaged in operating the same on said date, as aforesaid, was struck by a piece of board thrown off said saw, thereby losing an eye, and becoming permanently disfigured.

It is shown by the evidence that at the time appellee received the injuries complained of he was in the employ of the appellant, at work in the planing-mill, which work consisted in "feeding lumber," as it is called, to a machine known as a "resaw." This machine is intended to split boards into thin pieces, and consists of a circular saw about forty-one inches in diameter, set in an iron frame. When operated, this saw makes from one thousand to one thousand two hundred revolutions per minute. In front of this saw are placed a double set of upright rollers, which revolve inwardly and towards the saw. In front of these is a horizontal roller, which revolves in the direction of the upright rollers. On each side of this saw, and a little above its axle, is a slide or table, which carries the boards as they are sawed, and upon which they rest until they are taken off by the attendant behind the machine. The manner of operating the machine is, in general, this: The feeder standing in front of the saw places the end of the piece of lumber to be split with the edge upon the horizontal roller, when it is caught by the upright rollers, and drawn by them towards the saw. It is intended that boards to be split shall enter the rollers in a horizontal position, on a level with the top of the tables on each side of the saw. When the board is sawed, the two pieces thus made are taken off from behind, to make room for the next. This accident was shown to have occurred in this way: Appellee, in feeding the machine, placed a piece of lumber between the rollers with the far end about four or five inches lower than the end towards the saw; that when

it was caught by the saw the front end was drawn downward until the split pieces rested on the edge of the tables back of the saw. The back end was held high up by the rollers until released by them, when the sawed pieces fell upon the tables. One of them rebounded and fell upon the top of the saw, which, cutting off a piece several feet long and several inches wide, hurled it forward, striking appellee in the face, and causing the injuries complained of.

The principal assignment of error relied upon by the appellant is, that the evidence is clearly insufficient to establish any negligence on its part for which appellee can recover. Counsel for appellant, in their brief, discuss the case upon the theory that, unless the evidence discloses that appellant was negligent in allowing appellee, without previous warning, to work with a machine so defective in its structure or so incomplete in the safeguards with which it should have been supplied as to render it unsafe and dangerous there can be no recovery in this action. Testimony was introduced by appellee and counter testimony by appellant as to whether or not the resaw was defective, in not having some sort of a guard to protect the feeder from pieces of timber which might be thrown off when running. This question, however, was virtually taken from the jury by the court in its instruction to the effect that the absence of such a guard, if a defect, was such a visible, open, and apparent one that appellee in consenting to operate the saw was to be presumed to have had a knowledge of such defect and to have assumed the dangers incident thereto. The pleadings and evidence present, however, an entirely different question, which we will proceed to consider.

It is, we think, apparent from the evidence that the immediate cause of the accident to appellee was his want of skill in feeding the saw. Two or three days prior to the accident appellee had been set at this work by direction of the foreman of the mill. He testified—and his testimony upon this point is uncontradicted—that at the time he had but little knowledge of the machine, and no experience in the kind of work required in its operation. He had been prior to this time employed by appellant as a common laborer about the lumber yard and mill, and was not a skilled workman. It also appears that he was not warned as to the dangers inci-

dent to the work, nor instructed as to how the lumber should be put into the machine so as to avoid those dangers. The rule of law generally applicable as between employer and employee is, that the latter takes upon himself the usual and ordinary risks incident to such employment. The employer, unless he has knowledge to the contrary, has a right to presume that the employee is competent to perform the work and has an intelligent appreciation of its dangers. A different rule, however, prevails when the employment is a hazardous and dangerous one, requiring some degree of skill and experience to properly guard against accidents and consequent injuries, as when the employment consists in operating a dangerous piece of machinery. In such a case it is the duty of the master, if the servant be known to be, through youth, inexperience, or want of capacity, ignorant of the dangers and the proper manner of doing his work so as to avoid them, to see to it that this servant be informed of the risks he assumes and properly instructed, so that he may be able to do his work in such a way that he may be as safe against accident as proper care on his part may insure. If he fail in this duty, it is, in law, negligence. *Jones* v. *Mining Co.*, 66 Wis. 268, 57 Am. Rep. 269, 28 N. W. 207; *Ingerman* v. *Moore*, 90 Cal. 410, 25 Am. St. Rep. 138, 27 Pac. 307. An employee who is shown to be inexperienced in the use of machinery of the kind he is set at work with will not be presumed in the absence of proof to the contrary to comprehend and to contract to assume such dangers as are incident thereto as may not to a person of his age and general capacity be apparent and obvious. *Swoboda* v. *Ward*, 40 Mich. 423; *Coombs* v. *Cordage Co.*, 102 Mass. 572, 3 Am. Rep. 506. Under the law as we have stated it, and under the pleadings, the verdict of the jury is justified if in this case the following facts were shown to exist: 1. That appellee at time of receiving his injuries was inexperienced in the use of the resaw and the proper method of feeding the same; 2. That the accident occurred by reason of appellee's inexperience, and not by reason of want of such care and attention to his work which one of his experience, age, and general capacity might be expected to know was necessary to his safety; 3. That appellant knew at the time appellee went to work that the latter was inexperienced in the use of the resaw; 4. That

appellant neglected to inform appellee of the dangers and risks he was assuming and to instruct him as to the proper manner of doing that work, so as to avoid such accidents as befell him. However we might view the preponderance of the evidence as to these points, there is testimony tending to establish them, and, the jury having found them to exist, we do not feel it our duty to disturb their verdict.

There was a large number of assignments of error made by appellant based upon the rulings of the court during the trial relative to the introduction and exclusion of evidence, but as none of them were mentioned in the motion for a new trial we cannot consider them. We have carefully considered the instructions, and find that appellant has not just reason to complain of them. They fully state the law governing the case, and if some of them be subject to criticism it is not for the reason that they contain harmful error. We think the judgment should be affirmed, and it is so ordered.

Gooding, C. J., and Kibbey, J., concur.